# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MARILYN NATIONS | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-cv-00618 (TSC) |
| | ) | |
| UNITED STATES,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Plaintiff is the ex-wife of former U.S. Army solider Mario Alexander Aguiar Carneiro ("Carneiro"), who physically and mentally abused her during their marriage. She brings negligence claims against the United States pursuant to the waiver of sovereign immunity in the FTCA, alleging that the Army was negligent in its response to his abuse. The Government has moved to dismiss on a number of grounds, of which the Court addresses only one. For the reasons set forth below, the Courts GRANTS the Government's motion to dismiss for lack of subject matter jurisdiction and dismisses the case with prejudice.

## I.    BACKGROUND

Plaintiff and Carneiro met and were married in Brazil in 2006. (Compl. ¶ 6). Plaintiff sponsored Carneiro for American citizenship, which he received in 2008, after having joined the

---

[1] Plaintiff's complaint named, in their official capacities, Defense Secretary Chuck Hagel and Secretary of the Army John McHugh. (Compl. at 1). The Defendants moved to substitute the United States because under the Federal Tort Claims Act ("FTCA") only the United States may be a defendant. 28 U.S.C. § 2679; *Hall v. Admin. Office of U.S. Cts.*, 496 F. Supp. 2d 203, 206 (D.D.C. 2007). Plaintiff does not address this argument and appears to concede the point by referring at various times in her opposition to her claim "against the Government." (Pl. Opp'n at 7, 12); *see also Kone v. District of Columbia*, 808 F. Supp. 2d 80, 83 (D.D.C. 2011) (arguments not addressed in an opposition brief are treated as conceded). Defendants' motion to substitute the United States as the sole Defendant is therefore GRANTED.

Army in 2007. (*Id.* ¶¶ 7-9). Plaintiff returned to Brazil in September 2008. (*Id.* ¶ 10). During Carneiro's visit to Brazil in July 2009 he "violently assaulted" Plaintiff, an assault which she reported to Brazilian police. (*Id.* ¶¶ 12-15). Plaintiff also notified two Army officers by telephone of the assault. (*Id.* ¶ 16). Carneiro learned of the report, found out that he would be dishonorably discharged, and blamed Plaintiff. (*Id.* ¶¶ 17-18). Over the next approximately two years Plaintiff notified the Army and provided evidence that Carneiro had threatened and harassed her, and had violated a No-Contact Order numerous times. (*Id.* ¶¶ 19-31). The Army did not charge Carneiro with any wrongdoing (*id.* ¶ 21) but discharged him in June 2011. (*Id.* ¶ 33). At all relevant times, Plaintiff resided in Brazil.

Plaintiff submitted a claim for negligence to the Army in December 2012, alleging that the Army had failed to investigate reports of Carneiro's assaults and threats, failed to enforce No Contact Orders, had destroyed evidence submitted by Plaintiff, and had placed Plaintiff's life in danger by failing to maintain the confidentiality of her reports. (*Id.* ¶ 34). The Army denied the claim on September 24, 2013 (although Plaintiff did not receive the decision until November 25, 2013). (*Id.* ¶¶ 35-37). This suit followed.

## II.   ANALYSIS

Plaintiff's suit seeks to bring a negligence claim against the United States pursuant to the waiver of sovereign immunity under the FTCA.[2] (Compl. at 1, 5-6). The FTCA is a limited

---

[2] Select language in Plaintiff's complaint hints at the possibility that Plaintiff is also raising a claim under the Administrative Procedure Act. (Compl. at 1 ("this is an action seeking judicial review of the Defendant's final agency decision denying Plaintiff's administrative tort claim under the Federal Tort Claims Act"); *id.* at 5 ("the Defendant's final agency action...is arbitrary, capricious, contrary to law, and unsupported by substantial evidence")). Defendants argue (Def. Mot. 9 n.5) the APA is inapplicable here because the Complaint seeks money damages, which are unavailable under the APA, 5 U.S.C. § 702, and because APA review is only available for final agency actions where no other adequate remedy at law exists. 5 U.S.C. § 704. Plaintiff not only fails to address this argument, therefore conceding it, *Kone*, 808 F. Supp. 2d at 83, but also affirmatively refers to her complaint as brought "under the Federal Tort Claims Act," making no reference to the APA. (Pl. Opp'n 7-8). Since there is no argument that the APA applies, the Court will not address that statute.

waiver of the United States' sovereign immunity for certain torts committed by its employees in the scope of their employment. *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004). One key exception to this waiver is that no immunity is waived as to "any claim arising in a foreign country." 28 U.S.C. § 2680(k). Defendants argue that this exception prohibits Plaintiff's suit here.

The foreign country exception "bars all claims based on any injury suffered in a foreign country, regardless of where the tortious act or omission occurred." *Sosa*, 542 U.S. at 712. The Supreme Court's pronouncement in *Sosa* rejected what had been known as the headquarters doctrine, which permitted a claim under the FTCA for "acts or omissions occurring" in the United States "which have their operative effect in another country." *Id.* at 701. The Supreme Court made clear that it is the place of *injury*, not conduct, which controls application of the exception. *Gross v. Dev. Alts., Inc.*, 946 F. Supp. 2d 120, 124 (D.D.C. 2013) ("Plaintiffs first suggest that, because USAID's negligent direction and oversight occurred in the United States, the foreign-country exception should not apply....But that line of reasoning is precisely what *Sosa* rejected."); *see also Garcia v. Sebelius*, 867 F. Supp. 2d 125, 137 (D.D.C. 2012) *vacated in part on other grounds*, 919 F. Supp. 2d 43 (D.D.C. 2013). Here, all of Plaintiff's injuries were suffered while she was in Brazil, bringing this claim unambiguously within the scope of the foreign country exception.[3]

Because Plaintiff's claim is clearly beyond the scope of the waiver of sovereign immunity found in the FTCA, the Court lacks subject-matter jurisdiction over her claim and it must be dismissed, with prejudice. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from

---

[3] Plaintiff's failure to call any ambiguity to the Court's attention by failing to address this argument in her opposition is, on its own, a sufficient basis to grant the Government's motion. *Kone*, 808 F. Supp. 2d at 83.

suit….Sovereign immunity is jurisdictional in nature"); *Al Janko v. Gates*, 831 F. Supp. 2d 272, 283-84 (D.D.C. 2011) (dismissing with prejudice claims brought under the FTCA for injuries suffered in Guantanamo Bay).

### III.    CONCLUSION

Because the Court lacks subject-matter jurisdiction to hear this case, it is dismissed with prejudice.  A corresponding order will issue separately.

Dated: April 15, 2015